NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Laura SPERBER, an individual,<br><br>   Plaintiff,<br><br>v.<br><br>Paul ELWELL, an individual; and DOES 1-10,<br><br>   Defendants. | Civ. No. 13-00768<br><br>OPINION |

THOMPSON, U.S.D.J.

  This matter has come before the Court on Defendant Paul Elwell's ("Defendant's") Motion to Dismiss for Misconduct. (Doc. No. 22, Att. 1.). Plaintiff Laura Sperber ("Plaintiff") opposes. (Doc. No. 28). The Court has decided the motion based upon the written submissions of the parties, in accordance with Federal Rule of Civil Procedure 78(b). For the reasons included herein, Defendant's motion is DENIED.

DISCUSSION[1]

  On April 29, 2013, Defendant moved for dismissal of this action based on a lack of personal jurisdiction. (Doc. No. 12). After Plaintiff filed opposition papers, (Doc. No. 16), Defendant filed a "pleading for sanctions," (Doc. No. 17). Given the actual content and posture of that pleading, the Court treated the filing as Defendant's reply papers in further support of his motion to dismiss. In the Opinion deciding the motion, the Court determined that, to the extent Defendant's pleading requested sanctions, the Court found no basis on which to make their

---

[1] As this Opinion is written mainly for the parties, please see this Court's June 13, 2013 Opinion for a more extensive summary of the factual background of this case. (Doc. No. 19).

award. (Doc. No. 19, FN 1). Otherwise, resolution of the issue of personal jurisdiction has been placed on hold pending further jurisdictional discovery. (Doc. No. 19).

In the current motion to dismiss, the Court notes that Defendant has renewed arguments of perjury that were made in the previous pleading for sanctions. Specifically, Defendant contends that, in contrast to Plaintiff's allegations that the allegedly defamatory comments underlying the present litigation have produced various injuries and damages, Plaintiff's website has continued to describe her sales in glowing terms, using descriptions such as "Record Sales," "incredible levels," "world record prices," and "strong demand." Furthermore, Defendant asserts that Plaintiff has stated that the events underlying this action "ha[ve] not and will not negatively impact her business," and that she "does not want a financial settlement." Finally, Defendant points to a Market Report allegedly published by Plaintiff on June 15, 2013, reporting "really strong sales." As a result of these inconsistencies, Defendant demands dismissal based upon misconduct and the imposition of sanctions.

Upon review of the papers, however, the Court must deny Defendant's motion. Under Federal Rule of Civil Procedure 11, a motion for sanctions may be made where a party can show that the non-moving party's pleading, written motion, or other paper (1) is being presented for an improper purpose, such as to harass, cause unnecessary delay, or to needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are unwarranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions do not have, or are unlikely to have, evidentiary support; or (4) the denials of factual contentions are unwarranted on the evidence or are not reasonably based on belief or a lack of information. Fed. R. Civ. P. 11(b).

Here, even if Defendant's Internet Printouts displaying the apparently contradictory evidence were authenticated and accurate, Plaintiff's promotional language, which is made in general terms and directed toward the general public, is insufficient to demonstrate that Plaintiff's Complaint has been issued to harass or needlessly increase the cost of litigation for Defendant.  While the accuracy of these statements may go towards the issue of damages, such evidence alone fails to demonstrate that Plaintiff's claims are unwarranted by existing law, or that her factual contentions do not have, or are unlikely to have, evidentiary support.  Should Defendant insist on bringing forward further claims or renewing the motion for sanctions, the Court will, as Plaintiff has suggested, consider those submissions affirmative motions for relief, *Bel-Ray Company, Inc. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 443 (3d Cir. 1999) ("[W]here a party seeks affirmative relief from a court, it normally submits itself to the jurisdiction of the court with respect to the adjudication of claims arising from the same subject matter."), and will consider Defendant's objections to personal jurisdiction waived.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss for Misconduct, (Doc. No. 22, Att. 1), is denied.  An appropriate Order accompanies this Opinion.

/s/Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.

Dated:       August 12, 2013